UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL CADLE,

Plaintiff,

v.

DIANE CADLE,

Defendant.

CASE NO. 2:26-cv-00168-JHC

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte.  Plaintiff does not assert, or plead any specific facts, to establish this Court's subject matter jurisdiction.  *See* Dkt. # 4.  It appears on the face of the complaint as if diversity jurisdiction under 28 U.S.C. § 1332(a) might be applicable, but because Plaintiff does not state specific facts related to the parties' citizenship, he fails to establish jurisdiction.  *See* Dkt. # 4.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987); *Arbaugh v. Y&H Corp*, 546 U.S. 500, 502

ORDER TO SHOW CAUSE - 1

(2006).  The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the face of the pleadings.  *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Although courts generally favor a plaintiff's choice of forum, a pleading must nevertheless show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction."  *Tosco Corp. v. Communities For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *see also Mason v. Arizona*, 260 F.Supp.2d 807, 815 (D.Ariz. 2003) ("Unlike a Rule 12(b)(6) motion . . . the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction.").  Here, Plaintiff has not alleged facts to show complete diversity of citizenship, and thus, has not established jurisdiction.

Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE within twenty-one (21) days of the date of this order stating why this action should not be dismissed for lack of jurisdiction.  If Plaintiff fails to respond or establish jurisdiction, the Court will dismiss the action without prejudice.  If the Court is satisfied that it has jurisdiction based on Plaintiff's response, the Court will direct the Clerk of the Court to enter default against Defendant.

/

Dated this 21st day of April, 2026.

ORDER TO SHOW CAUSE - 2

John H. Chun
United States District Judge

ORDER TO SHOW CAUSE - 3